UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------
UNITED STATES OF AMERICA

                                    Plaintiff,

v.

ALTRAZO PINK,

                                   Defendant.
--------------------------------------------------------------

5:02-CR-0203 (NAM)



| APPEARANCES: | OF COUNSEL: |
|---|---|
| OFFICE OF THE UNITED STATES ATTORNEY<br>PO Box 7198<br>100 S. Clinton Street<br>Syracuse, NY 13261-7198 | Edward Broton, AUSA |
| Office of Craig P. Schlanger<br>Century Plaza, Suite 530<br>201 East Jefferson Street<br>Syracuse, NY 13202 | Craig P. Schlanger, Esq. |

NORMAN A. MORDUE, U.S. DISTRICT JUDGE

## ORDER

On August 23, 2002, pursuant to a written plea agreement, the defendant entered a plea of guilty to a single-count Indictment charging Bank Robbery in violation of 18 U.S.C. § 2113(a). A Presentence Report was prepared on November 13, 2002, and revised on December 9, 2002. At that time the Presentence Report found and the Court agreed the Total Offense Level was 29, based on the finding the defendant was a career offender, the Criminal History Category was VI, and the guideline imprisonment range was 151 to 188 months. Neither the government nor the defendant objected to the guideline or criminal history calculation. At the time of sentencing neither party filed

any departure motions. On December 19, 2002, the defendant was sentenced to 168 months imprisonment and 3 years supervised release. The defendant was also ordered to pay $1,458 in restitution and a $100 Special Assessment.

On July 21, 2005, the United States Second Circuit Court of Appeals remanded the case in light of the Supreme Court's decision in *United States v. Booker* and pursuant to the Second Circuit Court of Appeals' decision in *United States v. Crosby*.

As a result of this case history, the Court has reviewed and considered all pertinent information including, but not limited to, the Presentence Investigation Report; Addendum; submissions by counsel; the sentencing factors outlined in 18 U.S.C. § 3553(a); and the Sentencing Guidelines, which are now advisory.

The Court again adopts the factual information and guideline calculation contained in the Presentence Report. Whether the Guidelines are advisory or not, the Court sees no basis to modify or to alter the terms and conditions of the original sentence imposed on December 19, 2002.

ACCORDINGLY, it is hereby

ORDERED, that the sentence imposed on December 19, 2002 remains the same.

ORDERED, that the Clerk of the Court shall serve a copy of this Order on the parties by regular mail.

IT IS SO ORDERED.

/s/ Norman A. Mordue
Hon. Norman A. Mordue
U.S. District Judge

Dated:   September 28, 2005